UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MICKEY EXUM,**
          **Plaintiff,**

        v.                                Case No. 05C0843

**UNEMPLOYMENT INSURANCE,**
**BUREAU OF BENEFIT OPERATION, and**
**WORKFORCE AND INNOVATION.**
          **Defendants.**

## DECISION AND ORDER

      Pro se plaintiff Mickey Exum brings this action alleging that defendants, Wisconsin and Florida state agencies, wrongly refused to pay him unemployment benefits and demanding $4 million. Before me now are defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). I must grant defendants' motions if it is clear that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering the motions, I assume that plaintiff's allegations are true, and draw all reasonable inferences in plaintiff's favor. Marshall-Mosby v. Corp. Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000).

      I will grant defendants' motions because plaintiff's claims are barred by the Eleventh Amendment. The Eleventh Amendment bars suits against states unless the state has waived its immunity or Congress has abrogated it. Will v. Mich. Dep't of State Police, 491 U.S. 58, 60 (1989). For purposes of the Eleventh Amendment, a suit against a state agency is treated as a suit against the state. Alabama v. Pugh, 438 U.S. 781, 782 (1997); see also Paschal v. Jackson, 936 F.2d 940, 944-45 (7th Cir. 1991) (stating that federal

court action for past unemployment compensation is barred by the Eleventh Amendment). Plaintiff has not argued either that the states in question have waived their immunity or that Congress has abrogated it. Moreover, I am aware of no federal legislation abrogating the states' immunity in cases such as the present. See Welch v. Tex. Dep't of Highways and Pub. Transp., 483 U.S. 468, 474 (1987) (stating that Congress has abrogated state sovereign immunity only when the statutory language creating the abrogation is expressed with unmistakable clarity).

There appear to be other meritorious grounds for granting defendants' motions. Plaintiff's claims appear to be based on state law, thus, at least to the Wisconsin defendant, there is neither federal question nor diversity jurisdiction. In addition, both Wisconsin and Florida require persons who believe that they have been wrongly denied unemployment compensation to exhaust various administrative remedies, which plaintiff has not done. However, I need not discuss these issues at length because of the Eleventh Amendment bar.

Therefore,

**IT IS ORDERED** that defendants' motions to dismiss are **GRANTED** (Docket # 10, Docket #16), and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for due process is **DENIED** as moot (Docket # 22).

Dated at Milwaukee, Wisconsin this 18 day of April, 2006.

/s_____
LYNN ADELMAN
District Judge